IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY THEIMS and TAD THIEMS, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WELSCH, FLATNESS AND LUTZ, INC.,) <br> USI INSURANCE SERVICES CORP. OF) <br> ILLINOIS, INC., and USI INSURANCE) <br> SERVICES, LLC., ) <br> ) <br>     Defendants. ) | Case No. 3:13-cv-554-WDS-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for a More Definite Statement filed by Plaintiffs, Tad Thiems and Terry Thiems, on June 26, 2013 (Doc. 9). The Motion is **GRANTED IN PART.**

**BACKGROUND**

On June 12, 2013, this matter was removed from the Circuit Court for the Third Judicial Circuit of Madison County, Illinois on the grounds of diversity pursuant to 28 U.S.C. §§ 1332 and 1441 (Doc. 2). In the Notice of Removal, Defendant contended that the USI Defendants, USI Insurance Services Corp. of Illinois, Inc. and USI Insurance Services, LLC., were fraudulently joined in that Plaintiffs fail to state a claim against them for which relief can be granted. This argument is the basis of the USI Defendants' Motion to Dismiss (Doc. 7). Plaintiffs, however, have filed notices voluntarily dismissing the USI Defendants on July 22, 2013. The only remaining Defendant, then, is Welsch, Flatness and Lutz, Inc. (hereinafter "WFL").

In the present Motion, Plaintiffs seek a "more definite statement" related to the Notice of

Removal. In particular, Plaintiffs seek an unredacted copy of a document, an "Asset Purchase Agreement," that is attached to the affidavit of Mr. Mark R. Erion, an executive of USI Midwest, Inc. (which is not a party to this lawsuit), which is in turn attached to the Notice of Removal. Plaintiffs assert that Defendants have not sought a protective order allowing for the filing of redacted exhibits and that they "should be permitted to fully examine any and all documents relied on in support of a Notice of Removal and which have only been partially disclosed" (Doc. 9, p. 3). Defendants object by arguing, in part, that this is an improper motion unsupported by the Federal Rules of Civil Procedure.

## DISCUSSION

Federal Rule of Civil Procedure 12(e) provides that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Rule 7 lists the types of pleadings that are allowed, a list that does not include a Notice of Removal. Plaintiffs, therefore, cannot seek relief pursuant to Rule 12(e) because the Notice of Removal is not a pleading to which a response is required. Moreover, in light of the voluntary dismissal of the USI Defendants, Plaintiffs have not amended their motion to indicate the relevance of the document.

Nonetheless, by redacting various pages of a document that is filed with the Court in support of a Notice of Removal, Defendant has essentially circumvented this Court's sole authority to allow a party to file documents under seal. Redacting a document prior to filing has the same effect as filing a document under seal: it removes from public viewing the redacted information. Such an action cannot be permitted without prior Court approval. As the Seventh Circuit Court of Appeals has held, this Court must "make a determination, as the law requires . . . ,

of good cause to seal any part of the record of a case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). And, more particularly:

> The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal. *Id.*, 178 F.3d at 945.

Defendants should have sought permission prior to filing a redacted exhibit and should have supported such a request with a showing of good case.

In light of this failure, Defendants are hereby **ORDERED** to file an unredacted copy of the "Asset Purchase Agreement," that it has attached to Exhibit H to the Notice of Removal (Doc. 2-10), by November 7, 2013. Defendants are further **CAUTIONED** that they must seek Court approval prior to filing any document under seal (or any redacted document).

## CONCLUSION

For the foregoing reasons, the Motion for a More Definite Statement filed by Plaintiffs is **GRANTED IN PART.** Defendants to file an unredacted copy of the Asset Purchase Agreement (Doc. 2-10) by November 7, 2013.

**IT IS SO ORDERED.**

**DATED: November 1, 2013**

                                                   **DONALD G. WILKERSON**
                                                   **United States Magistrate Judge**